UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY WILKERSON,
    Plaintiff,

vs.                                    10-1067

MARGE HAABS, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER

The plaintiff, a state prisoner, brings this action pursuant to 42 U.S.C. §1983 against 103 named defendants and an unspecified number of John Doe defendants. The complaint, with attachments, is 905 pages long.

There are several problems with this filing. First, the court will strike the complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure which requires that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001).

The allegations in the main body of the plaintiff's complaint are general claims without specific time frames or defendants. In addition, the plaintiff cannot simply attach hundreds of pages of exhibits to his complaint and expect the defendants, or the court, to wade through in the hopes of finding potential claims.

Second, the complaint purports to be filed on behalf of three plaintiffs: Anthony Wilkerson, Sheneka Wilkerson and Yvette Hill. The complaint is signed only by Plaintiff Anthony Wilkerson and only Anthony Wilkerson has filed a motion to proceed *in forma pauperis.* It appears that Shekeka Wilkerson and Yvete Hall are relatives of Anthony Wilkerson and not inmates within the Illinois Department of Corrections. Family members would not have standing to sue based on the conditions within the Illinois Department of Corrections. *Peyton v County of Kane,* 308 F.3d 673, 677 (7th Cir. 2002) ("Article III requires that the plaintiff has suffered an injury in fact which is fairly traceable to the challenged action of the defendant and likely, as opposed to merely speculative, to be redressed by a favorable decision."). In addition, the court has no way of knowing if these two individuals are even aware of the complaint. Therefore, the court will dismiss these two plaintiffs.

Third, it appears the plaintiff is attempting to improperly bring unrelated claims in a single case. In *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals stated that "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be

joined with unrelated Claim B against Defendant 2. *Id.* The Seventh Circuit has instructed that such "buckshot" complaints should be "rejected." *Id.*

Finally, the plaintiff is reminded that a defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

The court will give the plaintiff one opportunity to file an amended complaint. The amended complaint must stand complete on its own without reference to the original complaint. The plaintiff must clearly state each claim, approximately when it occurred and the name of any defendant directly responsible for the claim. The plaintiff MUST NOT attach any documentation to his complaint. The plaintiff should include only properly related claims. Any unrelated claims must be brought in a separate action. The plaintiff is advised that if he does state unrelated claims in his complaint that are frivolous, malicious or fail to state a claim upon which relief can be granted, he will incur strikes that may prevent him from proceeding *in forma pauperis* in the future. *See George,* 507 F.3d at 607.

The plaintiff has also filed a motion for class certification that is denied as moot. [d/e 4]. The plaintiff must first clarify his intended claims. In addition, this is not an appropriate class action lawsuit. Absent class members are bound by a judgment whether for or against the class. Therefore, they are entitled at least to the assurance of competent representation afforded by licensed counsel. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *Huddleston v. Duckworth*, 97 F.R.D. 512, 514-15 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative).

In addition, the even lawyers could not act as both a class representative and as an attorney for the class because it would eliminate the checks and balances needed for the class members. *See e.g.*, *Sweet v. Bermingham*, 65 F.R.D. 551, 552 (1975); *Graybeal v. American Saving & Loan Ass'n*, 59 F.R.D. 7, 13-14 (D.D.C.1973); *see also Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 n. 5 (7th Cir.1977), appeal after remand, 587 F.2d 866 (1978), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); *Conway v. City of Kenosha*, 409 F.Supp. 344, 349 (E.D.Wis.1975)(plaintiff acting both as class representative and as class attorney precludes class certification).

Finally, the plaintiff has filed a motion for appointment of counsel. [d/e 3] In considering a motion for appointment of counsel, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). In this case, the plaintiff has submitted ample evidence that he has attempted to retain

counsel on his own without success.  However, the court cannot address the second question, because the plaintiff must first clearly articulate his claims by filing an amended complaint as directed.  Therefore, the motion is denied. [d/e 3]

**IT IS THEREFORE ORDERED that:**

**1) The Clerk of the Court is directed to strike the plaintiff's original complaint as a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure.**

**2) The Clerk of the Court is directed to dismiss Plaintiff's Sheneka Wilkerson and Yvette Hill.  These plaintiffs did not sign the complaint and do not have standing to sue based on conditions within the Illinois Department of Corrections.**

**3) The Clerk of the Court is to provide the plaintiff with a blank complaint form. The plaintiff must file an amended complaint clearly setting out his claims against the individual defendants as directed by this court order.   The plaintiff must file this complaint on or before May 20, 2010.  If the plaintiff fails to follow the directions in this court order or fails to file his amended complaint on the stated deadline, his case will be dismissed without prejudice.**

**4) If the plaintiff files unrelated claims against unrelated defendants in his amended complaint that are frivolous, malicious or fail to state a claim upon which relief can be granted, he will incur strikes pursuant to 28 U.S.C. § 1915(g).**

**5) The plaintiff's motion for class certification [d/e 4] and motion for appointment of counsel are denied. [d/e 3]**

**6) A merit review hearing on the plaintiff's amended complaint is set for May 25, 2010 at 9:30 a.m. by telephone conference call.  The clerk is to issue a writ for the plaintiff's participation in the telephone call.**

Entered this 23rd day of April, 2010.


                         s/ Harold A. Baker
            _____
                        HAROLD A. BAKER
                 UNITED STATES DISTRICT JUDGE